603 So.2d 790 (1992)
CONVENT MARINE COMPANIES, INC.
v.
STATE of Louisiana.
No. 91 CA 0968.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Rehearing Denied August 10, 1992.
*791 William C. Shockey, Baton Rouge, for plaintiff-appellee Convent Marine Co.
Roy Mongrue, Jr., Baton Rouge, for defendant-appellant State of La.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
A taxpayer that voluntarily and without protest paid taxes to the State of Louisiana applied for a refund, which the trial court granted. Finding that the taxpayer has no right of action, we reverse.

BACKGROUND
This lawsuit was filed by Convent Marine Companies, Inc. (Convent Marine) to recover $27,052.17 representing sales taxes which it paid to the State of Louisiana from the time it went into business in 1985. The taxes were paid voluntarily and without protest. On August 2, 1988, a claim for a refund of the sales taxes was presented by Convent Marine to the Louisiana Department of Revenue and Taxation (Department.) On April 6, 1989, Convent Marine's refund claim was denied by the Department. On April 20, 1989, Convent Marine instituted proceedings with the Board of Tax Appeals for the State of Louisiana (Board.) On October 19, 1989, the Board rejected Convent Marine's claim on the grounds that Convent Marine was not engaged in foreign or interstate commerce so as to entitle it to an exemption from taxes. See LSA-R.S. 47:305.1. Convent Marine then obtained passage of House Concurrent Resolution No. 63 (1990) authorizing it to sue the state for a refund.
Thereafter, Convent Marine filed the suit which is now before us on appeal by the State of Louisiana. In response to Convent Marine's suit for a refund, the State urged its exception which the trial court overruled. The district judge then rendered judgment in favor of Convent Marine, finding that it was engaged in interstate and/or foreign commerce and thus was entitled to the tax exemption provided by *792 LSA-R.S. 47:305.1.[1] The trial court, however, denied Convent Marine interest on the refund of $27,052.17. Convent Marine answered the State's appeal, seeking interest on the award.
The basis of the State's exception was Convent Marine's failure to pay the tax under protest and to follow payment with a timely suit for refund. Convent Marine concedes it paid the tax voluntarily and without protest, but it claims it has a right of action under the provisions of LSA-R.S. 47:1481 et seq. and under LSA-C.C. art. 2301 et seq.

BOARD OF TAX APPEALS
It is undisputed that Convent Marine availed itself of the procedure set forth in LSA-R.S. 47:1481, which provides:
Any person who has a claim against the State of Louisiana for money erroneously paid into the State Treasury, or for any other claim, may present such claim to the board of tax appeals, in such form and together with such proofs as the board of tax appeals may require by its rules and regulations. The board shall duly examine into the justice, merits and correctness of each such claim presented to it, and shall officially pass thereon.
When a claim is presented to it, the Board has the authority to conduct an investigation of the circumstances surrounding the claim. LSA-R.S. 47:1482. If the Board approves a claim for a refund of less than $1,000, the Board chairman issues a warrant upon the state treasurer for payment of the claim. If the Board approves a claim for a refund in excess of $1,000, the Board chairman reports the claim to the next session of the legislature for legislative appropriation. LSA-R.S. 47:1483 and 1484.
But when the Board decides to reject a claim for a refund, the claimant cannot appeal to the courts to have the Board's rejection reversed. See LSA-R.S. 47:1486, which provides:
An action of the board rejecting or refusing to approve any claim under this Part may not be appealed to the courts. However, nothing contained in this Part shall deny a claimant whose claim has been rejected by the board the right to petition the legislature for permission to sue on the claim in a court of proper jurisdiction.
Thus, a claimant's access to the courts is not barred by the statute. Contrarily, the statute provides a procedure whereby the claimant, after obtaining consent of the legislature, may have the case which he presented to the tax board heard de novo in the courts.[2] However, a pre-requisite to the taxpayer's exercise of his access to the trial court is that the taxpayer has paid under protest. LSA-R.S. 47:1576.[3]
*793 Nevertheless, according to the jurisprudence interpreting LSA-R.S. 47:1481 et seq., even if the taxes have been paid by the claimant voluntarily and without protest, the Board is vested with the authority to approve a refund of taxes. Red River Coors, Inc. v. McNamara, 577 So.2d 187 (La.App. 1st Cir.1991), citing Sperry Rand Corp. v. Collector of Revenue, 376 So.2d 505 (La.App. 1st Cir.), writ denied, 376 So.2d 156 (1979). Despite the Board's authority to approve a refund of taxes paid without protest, when the Board rejects the claim, the taxpayer does not have a right of action to take the claim to court. In Red River Coors, Inc. we specifically held that the taxpayer did not have a right of action in court because the taxes were not paid under protest pursuant to LSA-R.S. 47:1576. Our holding in Red River Coors is controlling here.[4]
Thus, the taxpayer who has paid without protest and who has had his claim rejected by the Board has exhausted his remedies: he is barred by LSA-R.S. 47:1486 from appealing the rejection, and he is barred from a trial de novo by his own failure to satisfy the requisites of LSA-R.S. 47:1576.
We find no merit to Convent Marine's argument that LSA-R.S. 47:1481 et seq. provides a right of action separate and apart from the right of action created by LSA-R.S. 47:1576. Indeed, LSA-R.S. 47:1486 provides that a claimant has "the right to petition the legislature for permission to sue on the claim in a court of proper jurisdiction." But to read that language as allowing a taxpayer to avoid the requirements of paying under protest is to place a strained interpretation on clear and unambiguous language. The two statutes must be read in pari materia. Section 1481 is necessary to provide an opportunity to seek redress in the courts for the taxpayer who has followed the requirements of Section 1576 and paid under protest, but whose claim has been rejected by the Board. Such a taxpayer may assert the right of action granted in Section 1576 by following Section 1481 and procuring a resolution of the legislature.
The trial judge in the instant case decided that Convent Marine had a right of action because of the wording of the resolution which Convent Marine procured from the legislature. The resolution is as follows:
A CONCURRENT RESOLUTION to authorize and provide with respect to a suit against the state.
BE IT RESOLVED by the Legislature of Louisiana that Convent Marine Companies, Inc. is hereby authorized to institute, maintain, and prosecute judicial proceedings against the state of Louisiana in connection with certain matters previously filed and pending on the docket of the Board of Tax Appeals of the state of Louisiana in the matter entitled "Convent Marine Companies, Inc. v. Department of Revenue and Taxation of the state of Louisiana and the state of Louisiana", bearing No. 8421 on the docket of the Board of Tax Appeals.
BE IT FURTHER RESOLVED that this authorization is pursuant to the requirements of R.S. 47:1486 and it is the intent of the legislature that to the extent that the provisions hereof conflict with R.S. 47:1486 this authorization shall prevail.
BE IT FURTHER RESOLVED that the state of Louisiana may be cited and served by citation and service on the *794 secretary or chief executive officer of the other agency.
BE IT FURTHER RESOLVED that the judicial proceedings herein authorized may be instituted before the Nineteenth Judicial District Court, in and for East Baton Rouge Parish, Louisiana, and that, except as otherwise provided herein, the procedure in such proceedings shall be as provided by laws governing suits against the state of Louisiana.
BE IT FURTHER RESOLVED that the defendant in any such suit shall not be entitled to assert any peremptory plea or defense based upon the ground of immunity of the state from suit or from liability, which immunities are hereby specifically waived insofar as the suit or suits herein authorized are concerned.
BE IT FURTHER RESOLVED that nothing herein contained shall be construed as conferring upon Convent Marine Companies, Inc. any different or greater claim or cause of action than was had prior to the adoption of this Resolution and that, except as otherwise specifically provided herein, the effect of this authorization shall be nothing more than a waiver of the immunity of the state from suit and liability insofar as this suit or suits authorized by this Resolution are concerned.
Date of final legislative approval July 2, 1990.
The trial judge explained that he interpreted the resolution as conferring on Convent Marine a right of action to proceed in court despite Convent Marine's lack of payment under protest. The trial judge feared a contrary interpretation of the resolution would "render it nugatory." We disagree. We find that the trial court's interpretation of the concurrent resolution renders nugatory the final paragraph of the resolution. That paragraph provides that the resolution confers on Convent Marine no "different or greater claim or cause of action than was had prior to the adoption of this Resolution...." The legislature specified that the resolution was nothing more than a waiver by the state of immunity from suit. The trial court erred when it read more into the resolution's language.

CIVIL CODE PROVISIONS
Alternatively, Convent Marine claims that its right of action against the state arises under the provisions of the Louisiana Civil Code dealing with payment of a thing not due, namely LSA-C.C. art. 2301 et seq. This tact was tried previously by taxpayers seeking a refund, and their attempts consistently were rejected by the courts of this state. Convent Marine concedes that its argument is contrary to a long line of jurisprudence but urges us to overlook the "old" jurisprudence, which we decline to do.
Articles 2301 et seq. simply do not apply to claims by a taxpayer against a taxing authority for a refund. Dupre v. City of Opelousas, 161 La. 272, 108 So. 479 (1926), citing Lisso & Bros. v. Police Jury of the Parish of Natchitoches, 127 La. 283, 53 So. 566 (1910). Even if we felt free to ignore the prior jurisprudence, which we do not, we are not convinced that the civil code articles should apply to a tax refund case. We still think that the laws regulating the collection of taxes are sui generis and constitute a system to which the general provisions of the civil code have little, if any, application. Gillette Tire Distributors, Inc. v. City/Parish of East Baton Rouge, 345 So.2d 1255 (La.App. 1st Cir.1977).
The rationale behind the rule of sui generis tax laws is clearly stated in Dupre v. City of Opelousas, 161 La. at 275, 108 So. at 480-481:
After the taxes have been collected, it would be unreasonable, if not disastrous, to permit a taxpayer, after he has made payment, without having been coerced to do so, to recover the taxes paid by him, on the ground that the levy was unconstitutional or illegal. If the law permitted one taxpayer to do so, it would necessarily have to permit all taxpayers to do likewise, and what would be the result? As government is dependent on taxation for its maintenance, the local subdivision that levied the illegal or unconstitutional tax would have to tax the taxpayers to raise the necessary money to return to them the illegal or unconstitutional tax collected.... Such a ceremony would be idle and vain.
*795 Instead of the general provisions of the Louisiana Civil Code, the legislature has provided a specific provision, LSA-R.S. 47:1576. The dilemma outlined by the Louisiana Supreme Court in Dupre is avoided by requiring a payment of the tax under protest as a prerequisite to claiming a tax refund. The requirement allows the taxing authority the opportunity to place the disputed amount in escrow, thus avoiding the "idle and vain" action referred to by the court.
Accordingly, we conclude that Convent Marine's claim of a right of action under LSA-C.C. art. 2301 et seq. is without merit.
Because the trial court erred in overruling the State's exception of no right of action, we reverse. Appellee's suit is dismissed, and appellee is hereby cast for all costs of this appeal.
REVERSED.
CARTER, J., concurs. I do not believe that the failure to pay the disputed taxes under protest should be fatal to the appellee's claim. I concur with the results reached by the majority.
FOIL, J., concurs for the reasons set forth by CARTER, J.
NOTES
[1] Because we find merit in the State's exception of no right of action, it is unnecessary for us to address Convent Marine's claim to a tax exemption pursuant to its alleged interstate commerce enterprise.
[2] Contrast the claimant's rights with the limited options afforded the taxing authority when the Board approves the taxpayer's claim. The taxing authority may concede the case or may merely appeal the Board's decision. On appeal, the taxing authority is limited to a showing on the record that the Board committed manifest error in its factual findings or that the Board committed an error of law. See St. Pierre's Fabrication & Welding v. McNamara, 495 So.2d 1295 (La.1986).
[3] At all times pertinent hereto, LSA-R.S. 47:1576 provided in part as follows:

Any taxpayer protesting the payment of any amount found due by the secretary of the Department of Revenue and Taxation, or the enforcement of any provision of the tax laws in relation thereto, shall remit to the Department of Revenue and Taxation the amount due and at that time shall give notice of intention to file suit for the recovery of such tax. Upon receipt of this notice, the amount remitted shall be placed in an escrow account and held by the secretary or his duly authorized representative for a period of thirty days. If suit is filed for recovery of the tax within the thirty-day period, the funds in the escrow account shall be further held pending the outcome of the suit.
* * * * * *
B. This Section shall afford a legal remedy and right of action in any state court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof.
* * * * * *
C. This Section shall be construed to provide a legal remedy in the state courts in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of Louisiana.
By Acts 1991, No. 558, § 1, LSA-R.S. 47:1576 was amended; however, no substantive change was effected by the amendment.
[4] We note that the date of judgment in the instant case was March 7, 1991, just two days after our Red River Coors opinion. Obviously, the trial judge did not have the benefit of that opinion when he was deciding Convent Marine's case.