I2FOGG, Judge.
This is a suit by Atlantic Pacific Marine Corporation (APMC) to recover interest on a tax refund of sales and use taxes which it paid to the State of Louisiana during the first six months of 1982. The principal issue in this case is whether, under Article 12, Section 10 of the Louisiana Constitution, a taxpayer can pursue rights against the State under the Civil Code to recover interest on taxes not paid under protest.
In 1982, APMC paid, pursuant to LSA-R.S. 47:302, sales and use taxes to the State of Louisiana on certain drilling barges in the sum of $487,488.33. APMC voluntarily paid these taxes, without protest. Subsequently, in its 1982 regular session, the Louisiana legislature enacted concurrent resolution number 233 to declare that its intention with respect to LSA-R.S. 47:305.1 was that no portion of any drilling barge be subject to a sales or use tax. On October 15, 1984, APMC filed, with the Secretary of the Louisiana Department of Revenue and Taxation (the Department), a claim for refund of the taxes, plus legal interest from the dates of payment until paid. This claim was made pursuant to LSA-R.S. 47:1621 et seq., which provides for the recovery of overpayments of tax. The Department denied APMC’s claim.
APMC appealed to the Board of Tax Appeals (the Board). The Department and APMC by joint motion agreed that the Board approve APMC’s claim, as a claim against the State, pursuant to LSA-R.S. 47:1481 et seq., which authorizes the Board to receive and consider claims against the State. In that joint motion, the Department denied that APMC was entitled to any interest on the funds paid to the State, whereas APMC asserted that interest was due on the funds. The Board rendered judgment in favor of APMC for the full amount of the taxes paid, but denied APMC’s claim for interest.
Under the provisions of LSA-R.S. 47:1484 and LSA-R.S. 47:1485, APMC requested introduction of House Bill No. 807, appropriating the amount of the judgment, plus legal interest from the dates of payment of the taxes through the effective date of the act. House Bill No. 807 was amended to delete the provision for the payment of | ginterest, and the bill, as amended, was ultimately passed as Act No. 295 of the Regular Session in the 1991 Legislature. The amount of $487,488.33 appropriated by the Act was paid to APMC by check dated July 16, 1991.
On May 29, 1992, APMC filed the instant suit against the State to recover legal interest on the taxes from the dates of payment of the taxes through July 15, 1991. The trial court rendered judgment in favor of the State, dismissing APMC’s lawsuit with prejudice. APMC appealed. The State answered the appeal, contending the trial court erred in dismissing a peremptory exception raising the objection of no right of action. Due to the nature of the issue raised by the State, we will address its answer initially.
APMC seeks relief under several Civil Code theories of tort and contract. With respect to its claims of a right of action in contract, APMC relies on LSA-C.C. art. 2301 et seq., which deals with the theory of unjust enrichment, and LSA-C.C. art. 2000, which deals with delay damages or interest. APMC further asserts that the withholding of interest on property illegally retained by the State constitutes an injury to property and a tort under LSA-C.C. art. 2315. In seeking to assert a right of action under these Civil Code theories, APMC is asking this court to reject a long line of jurisprudence which finds that the laws regulating the collection of taxes are sui generis and constitute a system which is essentially separate from the Civil Code.
The most recent of these cases is Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La.1993), in which the *1071 taxpayer sought to have the Civil Code prescriptive period of ten years apply to an action seeking a refund for the overpayment of taxes. The Supreme Court discussed the federal constitutional parameters imposed on the recovery of taxes and then found that the prescriptive period set forth in the tax statutes was applicable to the taxpayer’s action. In so holding, the Supreme Court rejected the allegation that a taxpayer can assert his right to a refund for overpayment through the contract provisions of the Civil Code.
Additionally, in Convent Marine Companies, Inc. v. State, 603 So.2d 790 (La.App. 1st Cir.1992), this court was presented with the question of whether, under the provisions of LSA-C.C. art. 2301 et seq., a taxpayer had a right of action against the State to recover interest on taxes voluntarily paid, without protest. Therein, we rejected the taxpayer’s contention that we should overlook the consistent jurisprudence rejecting its argument and find a cause of action under the contract provisions of the Civil Code. Therein this court stated, “[T]he laws regulating the collection of taxes are sui generis and constitute a system to which the general provisions of the civil code have little, if any, application.” (citations omitted).
The determination that the tax statutes are sui generis precludes the assertion by a taxpayer of a right of action under Civil Code theories of tort or contract.[1] Therefore, the trial court erred in failing to sustain the State’s objection of no right of action.
Alternatively, APMC asks that we find that if the legislature does in the future grant APMC the right to sue the State to recover this interest, it would be entitled to prevail under certain contract theories. This case, however, is not before us in that posture; therefore, any opinion which we might render on that issue would be an impermissible advisory opinion.
For the foregoing reasons, that portion of the judgment of the trial court which overrules the peremptory exception raising the objection of no right of action is reversed. The exception of no right of action is sustained. That portion of the judgment which disposes of the merits of the case is vacated. Therefore, we affirm the dismissal of the suit with prejudice at plaintiffs cost; however, we do so pursuant to the sustaining of the exception of no right of action. Costs of this appeal are assessed against APMC.
REVERSED IN PART; RENDERED IN PART; VACATED IN PART AND AFFIRMED IN PART.
PARRO, J., concurs with the result.

. Furthermore, we note that APMC’s reliance on Chamberlain v. State, 624 So.2d 874 (La. 1993) is misplaced as the facts of this case do not constitute a tort or a contract.