HUGHES, J.
 

 |2This is an appeal by J-W Power Company, (J-W Power), J-W Gathering Company (J-W Gathering), and J-W Operating Company (J-W Operating) (hereinafter sometimes collectively referred to as the J-W Companies), from a judgment of the district court, sustaining an exception raising the objection of no right of action, dismissing J-W Power’s petition with prejudice, and denying a petition for intervention filed by J-W Gathering and J-W Operating. For the following reasons, we reverse the judgment of the district court.
 

 FACTS AND PROCEDURAL HISTORY
 

 J-W Power is a provider of gas compression services. As part of its business, J-W Power entered into various “Full Service Agreement” contracts with its customers, wherein J-W Power agreed to provide the gas compression services, including all labor, equipment, repairs, and maintenance necessary to achieve the customer’s goals. J-W Gathering and J-W Operating are customers of J-W Power and have executed full service agreements with J-W Power.
 
 [1]
 

 
 *1216
 
 In December of 2004 the Department of Revenue (the Department) issued Revenue Ruling 04-009. Pursuant to that ruling, J-W Power’s customers owed sales tax on the full service agreement contracts. Pri- or to that December ruling, the customers did not pay a sales tax. J-W Power, as the selling dealer, was thereafter required to collect the new sales tax from its customers and remit those taxes to the Department.
 

 Louisiana Revised Statutes 47:1576 affords a taxpayer who protests any amount found due by the Department the right to file a suit to recover those amounts, provided the taxpayer follows the procedures set forth in the|sstatute. Citing LSA-R.S. 47:1576, J-W Power remitted the taxes that it had collected from its customers under protest, advised the Department that the taxes were paid under protest, and filed a “Petition for Refund of Sales Taxes Paid Under Protest.”
 

 On July 7, 2008 the Department filed an exception raising the objection of no right of action,
 
 [2]
 
 arguing that J-W Power was not the taxpayer and was therefore not entitled to seek a refund of tax money that it had not paid. In response, J-W Power asserted that it was acting as an agent of its customers, J-W Gathering and J-W Operating. The district court granted the exception of no right of action, but allowed J-W Power the opportunity to amend the petition in order to remove the grounds for the objection.
 

 On May 14, 2009 J-W Power filed an amended petition, alleging that:
 

 J-W Gathering and J-W Operating expressly directed and authorized J-W Power Company to protest the application and payment of the sales taxes on the Full Service Agreements and designated J-W Power Company as their agent in fact for the payment under protest and the prosecution of the suit for refund on their behalf.
 

 Also on May 14, 2009 J-W Gathering and J-W Operating filed a petition to intervene in the suit and join as plaintiffs. The Department again pled the exception of no right of action, arguing that under the tax laws there is no authority for J-W Power to act as the agent for J-W Gathering and J-W Operating.
 

 After a hearing on the exception and the petition for intervention, the district court again granted the exception of no right of action and dismissed J-W Power’s suit with prejudice. By separate judgment the district court denied J-W Gathering’s and J-W Operating’s petition for intervention.
 

 j 4The J-W Companies filed an appeal, assigning as error the trial court’s determinations that: J-W Gathering and J-W Operating could not designate J-W Power as agent for purposes of protesting the tax payments; the J-W Companies are not entitled to declaratory relief;
 
 [3]
 
 and J-W Gathering and J-W Operating could not intervene in the lawsuit.
 

 LAW AND DISCUSSION
 

 1.
 
 Authorized Agent under LSA-R.S. 47:1576
 

 J-W Power alleges error in the district court’s determination that a taxpayer can
 
 *1217
 
 not designate an agent to file suit on its behalf under the tax laws.
 

 Louisiana Revised Statutes 47:1576 provides, in pertinent part:
 

 A. (l)(a) Except as otherwise provided in Subsection B of this Section, any taxpayer protesting the payment of any amount found due by the secretary of the Department of Revenue, or the enforcement of any provision of the tax laws in relation thereto, shall remit to the Department of Revenue the amount due and at that time shall give notice of intention to file suit for the recovery of such tax.
 

 (b) In the case of sales or use taxes that are required to be collected and remitted by a selling dealer as provided for in R.S. 47:304, the purchaser, in order to avail himself of the alternative remedy provided by this Section, shall remit protested sales or use tax to the selling dealer, and shall retain copies of documentation evidencing the amount of the sales or use tax paid to the dealer on the transactions. On or before the twentieth day of the month following the month of the transactions on which the selling dealer charged the tax, the purchaser shall inform the department by certified mail or other reasonable means of the dates and amounts of the protested taxes that were charged by the selling dealer, and | r,shall give notice of the purchaser’s intention to file suit for recovery of the tax.
 

 [[Image here]]
 

 (3) If the taxpayer prevails, the secretary shall refund the amount to the claimant, with interest at the rate established pursuant to R.S. 13:4202(B) from the date the funds were received by the Department of Revenue or the due date, determined without regard to extensions, of the tax return, whichever is later, to the date of such refund. Payments of interest authorized by this Section shall be made from funds derived from current collections of the tax to be refunded. (Emphasis added.)
 

 ⅝ ⅝ * ⅝ ⅝
 

 The Department argues that the language of LSA-R.S. 47:1576 provides that the purchaser shall inform the Department that he is protesting the payment of the sales tax and that the purchaser shall notify the Department that he intends to file suit. The Department contends that because J-W Gathering and JW Operating are the taxpayers, and did not personally protest the tax payments, the requirements of LSA-R.S. 47:1576 were not met.
 

 An action can be brought only by a person having a real and actual interest which he asserts. LSA-C.C.P. art. 681. When the facts alleged in the petition provide a remedy to someone, but the plaintiff who seeks the relief for himself is not the person in whose favor the law extends the remedy, the proper objection is an exception of no right of action, which the Department correctly filed. However, Louisiana Code of Civil Procedure article 694 provides for the use of an agent and states that:
 

 An agent has the procedural capacity to sue to enforce a right of his principal, when specially authorized to do so.
 

 For all procedural purposes,
 
 the principal is considered the plaintiff
 
 in such an action. The ^defendant may assert any defense available against the principal, and may enforce his rights against the principal in a reconventional demand. (Emphasis added.)
 

 Therefore, if we find that J-W Power was the agent of J-W Gathering and J-W Operating, then J-W Power would be considered to be the same as J-W Gathering and J-W Operating, and would therefore
 
 *1218
 
 be capable of satisfying the statutory requirements on their behalf.
 

 In support of its conclusion that no agents are allowed under the tax laws, the Department cites a line of cases that comment as to the
 
 sui
 
 generis
 
 [4]
 
 nature of the tax laws. Specifically, the Department cites
 
 Convent Marine Companies, Inc. v. State,
 
 603 So.2d 790 (La.App. 1 Cir. 6/29/92), (wherein the claimant paid the taxes without protest and later attempted to sue for refund);
 
 Cox Cable New Orleans, Inc. v. City of New Orleans,
 
 624 So.2d 890 (La.9/3/93), (wherein the cable company, without purporting to be the agent of its consumers, sought to recover tax monies paid by its customers);
 
 United Artist Theater Circuit, Inc. v. City of New Orleans,
 
 95-17 (U.S.Dist.Ct., E.D.La.2/5/96), 1996 WL 46709, (wherein the operators of movie theatres sought to recover taxes paid by its customers, but did not do so as an authorized agent of the taxpaying moviegoers); and
 
 Larrieu v. Wal-Mart Stores, Inc.,
 
 2003-0600 (La.App. 1 Cir. 2/23/04), 872 So.2d 1157, (wherein the taxpayers sued the dealers, as opposed to the Department, and sought to impose liability on the dealers.)
 

 Clearly, the cases relied upon by the Department are distinguishable from the situation before us. The suits referenced by the Department are those in which the taxpayers’ claims were disallowed due to a failure to meet the specific notice requirements of the statute,
 
 i.e.
 
 the failure to protest the payment when made, or the failure to file a suit against the Department |vwithin the prescribed time. The Department cites no cases that forbid the use of an agent to pursue an action on behalf of a principal, provided that the agent met all the requirements that would have been expected of the principal. And while we agree that courts have noted the
 
 sui generis
 
 nature of the tax law and have declined to extend certain provisions of the Louisiana Civil Code to tax cases, we do not conclude that we must also limit the application of the Code of Civil Procedure. To the contrary, the rationale behind the limitation of certain Civil Code provisions is explained in
 
 Dupre v. City of Opelousas,
 
 161 La. 272, 275, 108 So. 479, 480-481 (1926), which states:
 

 After the taxes have been collected, it would be unreasonable, if not disastrous, to permit a taxpayer, after he has made a payment, without having been coerced to do so, to recover the taxes paid by him, on the ground that the levy was unconstitutional or illegal. If the law permitted one taxpayer to do so, it would necessarily have to permit all taxpayers to do likewise, and what would be the result? As government is dependent on taxation for its maintenance, the local subdivision that levied the illegal or unconstitutional tax would have to tax the taxpayers to raise the necessary money to return to them the illegal or unconstitutional tax collected.... Such a ceremony would be idle and vain.
 

 Citing the
 
 Dupre
 
 case, this court in the case of
 
 Convent Marine,
 
 wherein a taxpayer had failed to remit the tax payment under protest and thereafter attempted to file a suit under LSA-C.C. art. 2301 for payment of a thing not due, held that:
 

 Instead of the general provisions of the Louisiana Civil Code, the legislature has provided a specific provision, LSA-R.S. 47:1576. The dilemma outlined by the Louisiana Supreme Court in
 
 Dupre
 
 is avoided by requiring a payment of the tax under protest as a prerequisite to claiming a tax refund. The requirement allows the taxing authority the opportunity to place the disputed | ^amount in
 
 *1219
 
 escrow, thus avoiding the “idle and vain” action referred to by the court.
 
 Convent Marine Companies, Inc.,
 
 603 So.2d at 795.
 

 At the time that the taxes were paid to the Department, J-W Power advised the Department by letter that the payment was made under protest: “J-W has collected and is remitting, under protest, sales tax on the monthly fees
 
 paid by customers
 
 on ‘full service’ agreements. It is these taxes that will be the subject of JW’s suit for refund and, therefore, as required by law these amounts are to be held segregated pending the outcome of the refund litigation.” (Emphasis added.) Additionally, the Department was advised of the forthcoming suit, which was timely filed. In the petition, J-W Power stated that:
 

 $ ⅜ ⅜ ⅜ *
 

 Beginning effective December 2, 2004, J-W began collecting sales tax from JW Operating, and others, under both the State and local sales tax ordinances on J-W’s Full Service Agreements in Louisiana.
 

 ⅜ ⅜ * * ⅜
 

 It is clear that J-W Power satisfied the prerequisites of LSA-R.S. 47:1576, inasmuch as the payments were made, notice was given to the Department that the payments were protested, and the suit against the proper party was timely filed. However, the Department argues that, even if JW Power could have acted as an authorized agent, its failure to expressly disclose the agency relationship sooner precludes it from claiming such status now. We disagree. Louisiana Code of Civil Procedure article 700 states that:
 

 When a plaintiff sues as an agent to enforce a right of his principal, or as a legal representative, his authority or qualification is presumed, unless challenged by the defendant by the timely filing of the dilatory exception. When so challenged, the ^plaintiff shall prove his authority or qualification on the trial of the exception.
 

 At the hearing on the exception there was uncontradicted testimony that J-W Power had express authorization to pursue the tax refund on behalf of J-W Gathering and J-W Operating. The amended petition expressly clarifies that relationship. Additionally, the language of the payment-under-protest letters clearly indicates that J-W Power is not itself the taxpayer: “JW Power has collected and is remitting, under protest, sales tax on the monthly fees paid by its customers.”
 

 Moreover, the testimony of Wendy Co-meaux, a Revenue Management Consultant with the Department of Revenue, establishes that J-W Power’s payment-under-protest letters triggered the Department’s statutory duty to escrow the full amount of the tax payments sent by J-W Power. Consequently, the use of an agent for payment and protest of taxes does not subject the Department to the
 
 Dupre
 
 dilemma.
 

 There is no rational basis to refuse to allow a party to sue through an agent, even in a tax refund case, so long as the agent successfully complies with the statute so as to trigger the Department’s requirement to escrow the disputed funds. This assignment of error has merit.
 

 2.
 
 Declaratory Relief
 

 While the J-W Companies assign error to the trial court’s denial of the declaratory relief sought in the original petition, we note that this issue was not ruled upon by the district court, presumably due to its dismissal of the entirety of J-W Power’s claim, pursuant to the exception. Based upon our determination that J-W Power may act as an authorized agent of J-W
 
 *1220
 
 Gathering and J-W Operating, we preter-mit this assignment of error.
 

 | )n3.
 
 Petition for Intervention
 

 J-W Gathering and J-W Operating filed a petition to intervene in this suit. By judgment dated August 17, 2009, the trial court denied the intervention. The Department defends this assignment of error, claiming that no appeal was taken from the August judgment. We agree. The motion and order for appeal requests that the district court “enter an order granting Plaintiffs a devolutive appeal from the July 30, 2009, Judgment of this Court.” The July judgment granted the exception of no right of action, but did not deny the intervention. It was not until August 17, 2009 that the judgment was signed denying J-W Gathering’s and J-W Operating’s petition for intervention. And while it is clear from the briefs filed that the appellants intended to appeal both judgments, the denial of the petition for intervention is not properly before us on appeal. Nevertheless, because we have decided that J-W Power is acting as the agent of J-W Gathering and J-W Operating, intervention is not necessary.
 

 CONCLUSION
 

 The judgment of the trial court is reversed and this matter is remanded to the district court for further proceedings. All costs of this appeal are assessed against appellee, the Department of Revenue.
 

 REVERSED AND REMANDED.
 

 WELCH, J., concurs without reasons.
 

 [1]
 

 . J-W Power and J-W Gathering are individual, wholly owned subsidiaries of J-W Operat
 
 *1216
 
 ing Company. Neither J-W Power nor J-W Gathering own any part of the other.
 

 [2]
 

 . The Department also filed an exception raising the objection of no cause of action, which was denied.
 

 [3]
 

 . In the original petition, J-W Power also prayed for a declaration that the new revenue ruling and its interpretation of LSA-R.S. 47:301(14) as applied to natural gas compressors and natural gas compression services be rejected. Because J-W Power's suit was dismissed pursuant to the exception, the issue of the declaratory relief was never addressed.
 

 [4]
 

 . Defined by Black's Law Dictionary as: Of its own kind or class; unique or peculiar.