WILLIAMS, J.
l iThe Louisiana Department of Revenue, through its Secretary,[1] appeals a trial court judgment affirming the decision of the Louisiana Board of Tax Appeals in favor, of the taxpayers, Kenneth Bullock and Margaret. Bullock. The taxpayers also appeal the judgment seeking an award for the specific dollar amount of the refunds requested in their tax returns. For the following reasons, we affirm the judgment and remand to the trial court.
FACTS
' Kenneth Bullock and Margaret Bullock (“the-; Bullocks”)' are- members' of JPS Equipment, LLC (“JPS”),'a multi-member Louisiana limited liability company in the business of selling and leasing new and used constructiorl equipment. JPS is treated as a partnership for federal and state income tax purposes, so that the tax consequences of its business activities “flow through” to its members. As a result, the Bullocks are allowed to claim on their joint individual tax return their proportionate share of any inventory tax credit the law allows for . ad valorem taxes paid by JPS.- As required by law, JPS filed a Form LAT 5 in all parishes where it has business locations and where its leased equipment is in use by a lessee.
*282 For. income tax years 2004, 2005 and 2006, the Bullocks claimed inventory tax credits for ad valorem taxes paid by JPS for construction equipment that had been leased prior to a sale. The Louisiana Department of Revenue (“LDR”) allowed the credit for taxes paid for items reported to the tax assessors as inventory and issued a refund; However, LDR disallowed the portion of the inventory tax credit claimed by the Bullocks 12for taxes paid on property reported as leased equipment and denied that portion, of the' requested refund.
The Bullocks filed petitions for-refund with the Louisiana Board of Tax Appeals (“BTA”) alleging that- they are entitled to the inventory credit for taxes paid on the property leased before sale. After a hearing, the BTA found that- every item for which a credit was requested was held for sale, that items were rented to promote their sale, the inventory items were listed in Section 5 of the LAT 5 form to avoid a double assessment by the local assessor and the LDR witness testified that but for the listing of the items in section 5 rather than section 1 of the LAT 5 form, the tax credits would have been granted. The BTA further found that JPS is a retailer engaged in the - sale, of products to the ultimate consumer and as .members, .of JPS, the Bullocks are entitled to the credit for ad valorem taxes.paid on the.inventory of JPS as requested on their income tax returns.
LDR filed a petition for judicial review of the BTA decision'in the Third Judicial District Court. The Bullocks filed a motion for involuntary dismissal, which was granted by the district court. On appeal, this court reversed the dismissal and remanded for further review. Bridges v. Bullock, 48,231 (La.App.2d Cir.9/25/13), 124 So.3d 1171. After a hearing, the trial court issued oral reasons for judgment agreeing with the BTA that nothing in the statute provides that an item held for resale cannot be rented while it is in inventory awaiting a buyer. The trial court rendered judgment affirming the BTA decision in its entirety, but did not order payment of the . refund amount sought by the taxpayers. The LDR and the Bullocks appeal |3the judgment.
DISCUSSION
The LDR' contends the district court erred in affirming the judgment of the BTA. The LDR argues that the district court and the BTA erred in finding that inventory includes leased property. LDR further contends both forums of review incorrectly interpreted the statute providing for the tax credit.
LSA-R.S. 47:6006(A) provides, “There shall be allowed a credit against any Louisiana income ... for ad valorem taxes paid to political subdivisions on inventory held by ... retailers[.]” The term “retailer” means a person engaged in the salé of products to the ultimate consumer. LSA-R.S. 47:6006(C).[2] The Louisiana Administrative Code defines the term “inventory” as the aggregate of items of tangible personal property which are held for sale in the ordinary course of business or are utilized in marketing activities. LAC 61:V.1701(A). The definition of inventory embraces “goods awaiting sale,” including the merchandise of a retail concern and goods which are used merchandise. LAC 61:V.1701(B).
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as *283 written and no further interpretation may be made for the intent of the legislature. LSA-C.C. art. 9. However, when the language of the law is susceptible of different meanings, the statute must be interpreted as having the meaning Lthat best conforms to the purpose of the law. LSA-C.C. art. 10.
The foremost principle in a tax exemption case is that an exemption, as an exceptional privilege, must be expressly and clearly conferred in plain terms. Sherwood Forest Country Club v. Litchfield, 2008-0194 (La.12/19/08), 998 So.2d 56. Irrespective of whether the tax benefit is termed an exemption, deduction or credit, the taxpayer is being relieved of a tax burdén in each situation. Ethyl Corp. v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir.1977). Such provisions are strictly construed against the taxpayer claiming the benefit and must be affirmatively established by the taxpayer. Sherwood Forest Country Club, supra.
Judicial review of a decision of the BTA is rendered upon the record made before the BTA and is limited to facts on the record and questions of law. The BTA’s findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless manifestly erroneous in view of the entire record. International Paper, Inc. v. Bridges, 2007-1151 (La.1/16/08), 972 So.2d 1121.
In the present case, the taxpayers presented to the BTA the testimony of Kenneth Bullock, the taxpayer seeking a credit, and of Robin Welch, a CPA. Bullock testified that he is the managing member of JPS, which sells and rents heavy construction equipment. Bullock stated that JPS seeks to sell all of this equipment, but that many customers lease the equipment for a period of time before a purchase. Bullock testified that, at times, when a customer-wanted to buy a particular type of equipment that. was being leased, JPS had provided a similar piece of equipment to the lessee .and then | ssold the equipment that had been leased.
Welch testified that she prepared the tax returns of JPS and the Bullocks. Welch explained, that she listed all the large equipment of JPS in section 5 of the LAT 5 form in an attempt to assist the assessors in identifying that equipment with the serial numbers.- Welch testified that JPS intended to sell all of its equipment, including the property listed in section 5 of the LAT 5 form. Welch stated that JPS considered all of the equipment as part of the inventory availáble'for sale, whether listed in section 1 or section 5 of the LAT 5 form. Welch testified that 95% of the property was moved out of inventory as a result of sale during the period of 2004 to 2006.
The testimony and evidence presented by the taxpayers supports the BTA’s findings that all of the items for which a tax credit was requested were goods awaiting sale, thereby constituting the inventory of JPS and that JPS is a retailer engaged in the sale of products to the ultimate consumer. Based upon the facts in the record before the BTA, we cannot say the BTA erred in determining that the taxpayers are entitled to the inventory tax credit provided in Section 6006. Thus, the trial court did not err in affirming the decision of the BTA. The LDR’s assignments of error lack merit.
By their appeal, the taxpayers contend the trial , court erred in failing to include in the judgment the specific amount of refund to which the Bullocks are entitled. The taxpayers assert they are entitled to an award of the full amount of the refund sought in their tax returns for the years. 2004 through 2006. The *284 LDR contends neither the amount of credits nor the | (..specific amount of any refund has been established.
In a taxpayer appeal, the BTA shall have jurisdiction to render judgment ordering the refund of any amount found to be due. LSA-R.S. 47:1625. Based upon this record, we are unable to determine the specific amount of refund due to the taxpayers as a result of the inventory tax credits claimed. Thus, we must remand this matter to the trial court to determine the specific amount of refund which is due.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. This matter is remanded to the trial court to determine the amount of refund due to the taxpayers for the years 2004, 2005 and 2006. The parties shall bear their own costs of this appeal.
AFFIRMED AND REMANDED.

. After this filing, Timothy Barfield Jr. succeeded Cynthia Bridges as Secretary, Louisiana Dept, of Revenue.

, Section 6006 was recently amended'by Acts 2015, No. 415 to provide a definition of inventory. Because the amendment became effective on January 1, 2016, the amended language is not applicable in this case.