WEIMER, J.
 
 [1]
 

 hWe granted the plaintiffs’ application for writ of certiorari to resolve whether the Louisiana Board of Tax Appeals (Board) has jurisdiction to certify and hear a class action seeking the payment of statutorily mandated interest due as a result of tax refunds or credits. We find the Board has such jurisdiction and remand the matter to the Board for consideration of the petition for certification.
 

 FACTS AND PROCEDURAL HISTORY
 

 The history of the instant litigation is relatively simple, although it encompasses several years. On January 9, 2004, Michael X. St. Martin, Louis Roussel, III, and William A. Neilson filed a “Class Action Petition for Damages” with the Board. The petition, as amended, alleged that the Louisiana Department of Revenue (DOR) had failed to pay and/or underpaid the interest due on petitioners’ tax refunds, as well as on those of other Louisiana taxpayers entitled to refunds. The first | gsupplemental and amending class action petition for damages sought to proceed on behalf of a class of Louisiana taxpayers similarly situated, as follows: “All persons and entities who are or were entitled to refunds and/or credits for overpayment of Louisiana State taxes and were not paid interest as allowed by LA. R.S. 47:1624,
 
 [2]
 
 including but not limited to, income, excise, franchise, sales and use and inheritance taxes.”
 

 The Board dismissed petitioners’ request for class certification, stating that the Board lacks the “expressed or implied authority ... to certify or hear a class action or class of claims.” Apparently, this ruling by the Board declines any class
 
 *738
 
 action in a tax case, regardless of the nature of the taxpayers’ claims.
 

 Petitioners thereafter filed a petition for appeal in the Thirty-Second Judicial District Court for the Parish of Terrebonne. On December 21, 2007, the district court rendered judgment reversing the Board’s dismissal of the petition and holding the Board did have authority to hear class actions.
 

 The DOR took a suspensive appeal to the Court of Appeal, First Circuit. A three-judge panel rendered a split decision
 
 [3]
 
 , the result of which is a ruling that this matter cannot proceed as a class action before the Board. Each judge assigned reasons. Although the author of the opinion, Judge Welch, agreed with the district |;¡eourt that the Board had jurisdiction to hear class actions, he concluded the Board’s dismissal of this class action petition should be affirmed on the basis that the petitioners do not have a cause of action before the Board to seek recovery of interest on tax overpayments on behalf of other taxpayers. Judge Welch explained that because the Board has not formally promulgated or adopted rules authorizing taxpayers to assert claims on behalf of other taxpayers, petitioners do not have a cause of action to represent other taxpayers in proceedings before the Board.
 

 The other two judges concurred in the result and assigned reasons. Judge Parro was of the opinion that because the use of a class action procedure is not specifically granted to the Board, the Board has no authority to use this procedure and may not expand its authority by choosing to use this procedure. Such expansion, according to Judge Parro, would run afoul of the separation of powers doctrine provided in La. Const. Art. II, § 2. Judge Parro further observed that there is nothing in the statutory provisions relating to the Board that authorizes a taxpayer to assert grievances on behalf of himself and others.
 

 Judge McClendon also concurred. Both Judge McClendon and Judge Parro interpreted the language of LSA-R.S. 47:1401 as clearly limiting the authority of the Board to decide questions of law and fact arising from disputes between the collector of revenue and “a taxpayer,” not a class of taxpayers.
 

 Petitioners applied to this court for a writ, which we granted.
 
 St. Martin v. State,
 
 09-0935 (La.6/26/09), 11 So.3d 495.
 

 DISCUSSION
 

 Article VII, § 1 of the Louisiana Constitution vests the power of taxation in the legislature, and Article VII, § 3(A) mandates the legislature to “provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer.” |4To fulfill its latter obligation, the legislature has provided three remedies: (1) the Claims Against the State procedure, LSA-R.S. 47:1481,
 
 et seq.;
 
 (2) the Payment Under Protest procedure, LSA-R.S. 47:1576,
 
 et seq.;
 
 and (3) the Overpayment Refund procedure, LSA-R.S. 47:1621,
 
 et seq.
 
 Further, the legislature created the Board to “act as an appeal board to hear and decide ... disputes ... between a taxpayer and the collector of revenue.” LSA-R.S. 47:1401.
 

 In the instant matter, plaintiffs’ claims are brought pursuant to the Overpayment Refund procedure. The term “overpayment” is defined as a “payment of tax ... when none was due, [or] the excess of the amount of tax ... paid over the amount due.” LSA-R.S. 47:1621(A). The putative class asserted by petitioners consist of taxpayers who have received refunds of over-
 
 *739
 
 payments within the contemplation of LSA-R.S. 47:1621, et seq, but allegedly have been denied or underpaid the interest thereon pursuant to LSA-R.S. 47:1624 (quoted at footnote 1). According to LSA-R.S. 47:1621,
 
 et seq.,
 
 including in particular LSA-R.S. 47:1625, the Board is authorized to “render judgment” ordering the refund of a tax overpayment, which judgment in turn is subject to judicial review pursuant to LSA-R.S. 47:1434-36. Thus, LSA-R.S. 47:1621,
 
 et seq.,
 
 afford a procedure specifically directed toward the refund of tax overpayments paid voluntarily and without protest.
 
 [4]
 

 The parties herein do not dispute that the three plaintiffs may pursue their individual claims pursuant to the tax laws, which laws are
 
 sui generis
 
 and constitute a system to which the general provisions of the Louisiana Civil Code have little, if any, application.
 
 Church Point Wholesale Beverage Co., Inc. v. Tarver,
 
 614 So.2d 697, 708-9 (La.1993).
 
 [5]
 
 Instead, the dispute here is whether petitioners may proceed by class action.
 

 In addition to the constitutional provisions and statutes which vest authority in the Board, and which do not expressly exclude jurisdiction over class actions, the Board’s own rules and its previous actions in adjudicating class actions for refunds of overpayments militate in favor of jurisdiction. Specifically, Rule 10, as adopted by the Board, provides in pertinent part:
 

 The rules of evidence and trial procedure generally followed by the district courts of the state will be followed in hearings before the Board.
 

 Obviously, the trial procedure generally followed by district courts in civil matters is contained primarily in the Louisiana Code of Civil Procedure, the provisions of which include the procedure for class actions.
 
 See
 
 LSA-C.C.P. art. 591, et seq. Thus, it is reasonable to conclude that the Board has allowed for class actions by its own Rule 10.
 

 Further support for the use of the class action procedure can be found in the Board’s own actions. In 1989, the Board certified a class action in
 
 Ponthier v. State of Louisiana,
 
 BTA Docket No. 3396, which was a claim for refund of income taxes wrongfully paid by recipients of federal civil service or military retirement annuities. Although the DOR attempted at oral argument to distinguish that case from the present one, that attempt was a distinction without a difference. In
 
 Ponthier,
 
 the | (¡Board found that “[e]ach member stands in an identical position notwithstanding that the amount of each claim or the taxable years involved may vary among class members.” As noted by Judge Welch,
 
 *740
 
 “[t]he fact that the Board has utilized the class action procedure in the past to resolve a taxpayer refund dispute is a strong indication that the Board’s rules and its adjudicative capabilities are in fact consistent with the class action procedural device.”
 
 St. Martin,
 
 08-1403 at 3, 5 So.3d 1060 (Table). Thus, the Board, as a governmental agency, has exhibited the authority to handle a class action under the tax laws and the Board’s own rules.
 

 We note that we have recently reiterated that the Board acts as a trial court in finding facts and applying the law.
 
 See International Paper, Inc. v. Bridges,
 
 07-1151, pp. 9-10 (La.1/16/08), 972 So.2d 1121, 1127-1128
 
 (quoting St. Pierre’s Fabrication and Welding, Inc. v. McNamara,
 
 495 So.2d 1295, 1298 (La.1986)). We further noted that if the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed absent a clearly erroneous finding of fact.
 
 St. Pierre’s Fabrication and Welding, Inc.,
 
 495 So.2d at 1298.
 

 A corollary to this concept is that the district courts’ jurisdiction in judicial review of decisions or judgments of the Board is appellate in nature.
 
 See
 
 LSA-R.S. 47:1435.
 
 [6]
 
 In
 
 Clark v. State,
 
 02-1936, p. 8 (LaApp. 1 Cir. 1/28/04), 873 So.2d 32,
 
 writ denied,
 
 04-0452 (La.4/23/04), 870 So.2d 300, the appellate court noted that LSA-R.S. 47:1407,
 
 et seq.,
 
 delineating the jurisdiction of the Board, its factfinding authority, and its administrative procedures, clearly fall within the power of taxation vested in the legislature by La. Const, art. VII, § 1 and the mandate to the legislature in La. Const, art. VII, § 3 to provide an adequate remedy for the prompt refund of an illegal tax payment. Thus, for the purpose of judicial review of administrative actions, district courts are courts of limited jurisdiction and have only appellate jurisdiction to review administrative decisions as provided by the legislature or constitution.
 
 Loop, Inc. v. Collector of Revenue,
 
 523 So.2d 201, 203 (La.1987). Additionally, the existence of a specific statutory procedure generally implies a legislative intent that the special statutory procedure be the exclusive means of obtaining judicial review in the situations to which it applies.
 
 Id.
 
 In
 
 Clark,
 
 the first circuit specifically held that the trial court lacked original jurisdiction to consider the merits of the taxpayers’ claims in a class action proceeding, as distinguished from consideration of the legality or constitutionality of the procedural mechanisms for assertion of those claims; that ruling specifically applied to claims for overpayment of taxes brought pursuant to LSA-R.S. 47:1621,
 
 et seq.
 
 In the instant case, Judge Welch’s conclusion that the Board’s jurisdiction extends to class actions is consistent with the analysis in
 
 Clark
 
 that illustrates the Board sits as a trial court and the district court as an appeals court when reviewing the Board’s decisions.
 

 In the instant case we reject DOR’s argument that the findings of jurisdiction
 
 *741
 
 were erroneous, we vacate the judgment of the appellate court reinstating the decision of the Board, and we reinstate the district court’s holding.
 

 Although only one of the three appellate court judges based his dismissal of the petition for class action certification on a failure to state a cause of action, we feel | sconstrained to address that portion of the opinion. As we have previously stated, Judge Welch held that because the Board has not formally promulgated or adopted rules authorizing taxpayers to assert claims on behalf of other taxpayers, petitioners do not have a cause of action before the Board to seek interest on tax refunds due to or paid by other taxpayers. We disagree. As we have previously pointed out, there is no prohibition of the use of a class action in a tax dispute before the Board in the constitution, the legislation, or the Board’s Rule 10.
 
 [7]
 

 A class action is simply a procedural device.
 
 Galjour v. Bank One Equity Investors-Bidco, Inc.,
 
 05-1360, p. 7 (La.App. 4 Cir. 6/21/06), 935 So.2d 716, 723. As nothing more than a procedural mechanism, a class action affords a method of efficiently and economically managing a large number of claims in which common issues predominate over individual claims.
 

 CONCLUSION
 

 In sum, jurisdiction to resolve tax related disputes is constitutionally and statutorily granted to the Board which is authorized to hear and decide disputes and render judgments. A class action is a procedural device which can be used to resolve certain disputes which meet the statutory prerequisites. There is no statutory prohibition against the use of the class action procedure by the Board. A rule of the Board contemplates the use of the procedures of the district courts which include class actions. The Board has previously used the class action procedure to resolve a matter.
 

 | ^Consequently, we hold that the Board has the authority to proceed with a class certification hearing and, if appropriate, with a class action in this particular case.
 
 [8]
 

 Thus, we vacate the appellate court judgment that reinstated the Board’s dismissal of plaintiffs’ petition for class certification; we reinstate the district court ruling that found the Board had jurisdiction over a class action proceeding; and we remand this matter to the Board for a determination of the class certification issue pursuant to the provisions of LSA-C.C.P. art. 591,
 
 et seq.
 

 JUDGMENT VACATED; DISTRICT COURT JUDGMENT REINSTATED; CASE REMANDED TO THE BOARD OF TAX APPEALS.
 

 [1]
 

 . Judge Benjamin Jones, of the Fourth Judicial District, assigned as Justice Pro Tempore, participating in the decision.
 

 [2]
 

 . LSA-R.S.47:1624, entitled "Interest on refunds or credits” provides, in pertinent part:
 

 A. Notwithstanding any other provision of law to the contrary, on all refunds or credits the secretary shall compute and allow as part of the refund or credit, interest at the annual rate established in R.S. 13:4202 from the date the return was due, the date the first return for that tax period was filed, or the date the tax was paid, whichever is later. An overpayment shall bear no interest if it is credited to the taxpayer’s account. No interest on refunds or credits shall be allowed if, the secretary proves by clear and convincing evidence that a person has deliberately overpaid a tax in order to derive the benefit of the interest allowed by this Section. Payments of interest authorized by this Section shall be made from funds derived from current collections of the tax to be refunded or credited.
 

 [3]
 

 .
 
 St. Martin v. State,
 
 08-1403 (La.App. 1 Cir. 3/27/09), 5 So.3d 1060 (Table).
 

 [4]
 

 . In one argument to this court, DOR asserts that because applicable statutory provisions, such as LSA-R.S. 47:1401, use the singular "a taxpayer,” the legislation must be read as excluding a class of "taxpayers.” This argument is untenable. LSA-R.S. 1:7 provides, relative to interpretation of the revised statutes, that ”[w]ords used in the singular number include the plural and the plural includes the singular.”
 

 [5]
 

 . Attempts to assert refund claims against a taxing authority pursuant to LSA-C.C. arts. 2299,
 
 et seq.,
 
 which address payment of a thing not due, have consistently been rejected by our courts.
 
 Atlantic Pacific Marine Corporation v. State,
 
 94-0243, pp. 3-4 (La.App. 1 Cir. 12/22/94), 648 So.2d 1069, 1070-71;
 
 Convent Marine Companies, Inc. v. State,
 
 603 So.2d 790, 794-95 (La.App. 1 Cir.1992). The Board's jurisdiction is not circumscribed by La. Const, art. V, § 16(A), which provides the district courts with original jurisdiction in all civil and criminal matters, because the district court's jurisdiction
 
 vis-a-vis
 
 the Board is properly governed by La. Const, art. V, § 16(B), stating that a "district court shall have appellate jurisdiction as provided by law.”
 
 Clark v. State,
 
 02-1936, p. 7 (La.App. 1 Cir. 1/28/04), 873 So.2d 32, 36, writ denied, 04-0452 (La.4/23/04), 870 So.2d 300.
 

 [6]
 

 . LSA-R.S. 47:1435 is entitled "Jurisdiction of district courts to review decisions of the board" and provides:
 

 The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further appeal, suspensive only, in accordance with law. If a suspensive appeal is taken from a judgment of the district court no further bond need be posted and the bond originally posted remains in full force and effect to guarantee the payment of any tax, interest, and penalty until final decision of the court.
 

 Upon such review, such courts shall have the power to affirm or, if the decision or judgment of the board is not in accordance with law, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings as justice may require.
 

 [7]
 

 . Additionally, we note that Title 47 of the Revised Statutes, entitled "REVENUE AND TAXATION,” provides a "Taxpayer's Bill of Rights,” LSA-R.S. 47:15. Paragraph 13 of that statute grants taxpayers the right to represent themselves or to authorize another person to represent them “when dealing with the Department of Revenue.” Although distinguishable from the Code of Civil Procedure's provisions for class actions, this provision is similar from the standpoint that it allows for representation. In a class action, the class representative represents the members of the class.
 

 [8]
 

 . We do not address whether this matter should be certified because no hearing was held and that issue is not before us.