STEWART, J.
11At issue in this appeal by Cynthia Bridges, Secretary of the Louisiana Department of Revenue (referred to herein as the “LDR”), is whether the trial court erred in granting a motion for involuntary dismissal filed by taxpayers Kenneth and Margaret Bullock (“the Bullocks”) in response to the LDR’s petition for judicial review of a judgment by the Board of Tax Appeals (“the board”) favorable to the Bullocks. The involuntary dismissal was based upon the alleged lack of service on the Bullocks of the petition for judicial review. Because we find that the LDR satisfied the requirements under La. R.S. 47:1434 for judicial review, we reverse the trial court’s judgment and remand for further proceedings.
FACTS
These proceedings were initiated by the Bullocks against the LDR by the filing of two petitions for refund with the board in 2006 and 2008. They claimed they were denied credits for ad valorem inventory taxes paid by their business, JPS Equipment, L.L.C., to political subdivisions in 2004, 2005, and 2006.[1] The board heard the Bullocks’ claims on April 12, 2011, and rendered a judgment in their favor on May 12, 2011.
As authorized by La. R.S. 47:1434, the LDR filed on June 8, 2011, a petition for review of the board’s decision with the district court, specifically, the 3rd Judicial District Court (“3rd JDC”) in Lincoln Parish. On June 9, 2011, the district court judge signed an order allowing judicial review, directing that copies of the petition be mailed to the board and the 12Bullocks, and directing the board to file the record of its proceedings with the court within 20 days, all as prayed for in the petition for review. In fact, personal service of the petition for review was made on the Bullocks through their counsel of record on June 16, 2011.[2]
On July 1, 2011, the Bullocks filed a number of exceptions. They asserted dec-linatory exceptions of insufficiency of cita *1173 tion and service, arguing that the petition for review is an original petition that must be served on the naméd defendant. Because the petition for review was served on their counsel of record in the proceedings before the board, they also asserted an exception of lack of personal jurisdiction. Asserting their domicile to be in Union Parish, not Lincoln Parish, the Bullocks excepted to venue. Lastly, they asserted the peremptory exception of prescription based on the alleged failure of Bridges to timely file the petition for review as required by La. R.S. 47:1434 in the proper district court within 80 calendar days after the Board’s decision was rendered and signed on May 12, 2011. Before these exceptions were heard, the Bullocks filed a supplemental declinatory exception of improper service and a motion for involuntary dismissal under La. C.C.P. art. 1672(C) for the LDR’s failure to request service within 90 days of commencement of the action as required by La. C.C.P. art. 1201(C).
After a hearing on the exceptions, the district court judge rendered an oral ruling sustaining the exception of improper venue and ordering the |smatter transferred to Union Parish, which is also within the 3rd JDC.[3] The judge determined that the court of proper venue should address the other exceptions raised by the Bullocks. A judgment was signed on January 6, 2012.
Upon transfer to Union Parish, the same judge of the 3rd JDC who heard and granted the exception of venue in Lincoln Parish then heard the remaining exceptions and the motion for involuntary dismissal on March 22, 2013. After taking the matter under advisement, the district court judge rendered an oral ruling granting the motion for involuntary dismissal. Though the district court judge noted' that its granting of the motion made it unnecessary for it to decide the exceptions, the basis of the dismissal was that service of the petition for review on the Bullocks’ counsel of record in the proceedings before the board was not proper service of an original petition that commences a civil action. In effect, the trial court found merit to the exception as to insufficiency of service of process. The district court concluded that the LDR had neither requested nor made proper service on the Bullocks or a proper agent for them and that there was no showing of “good cause” as to why proper service could not have been requested. Accordingly, a judgment granting the Bullocks’ motion for involuntary dismissal and dismissing, without prejudice, the petition for review was signed on May 21, 2012. The LDR’s appeal followed.
^DISCUSSION
Though the LDR presents eight assignments of error on appeal, the underlying issue is whether a petition for judicial review filed under La. R.S. 47:1434 is subject to an involuntary dismissal under La. C.C.P. art. 1672(C) for the failure to comply with the requirements for citation and service under La. C.C.P. art. 1201.
With regard to an involuntary dismissal, La. C.C.P. art. 1672(C) reads:
C. A judgment dismissing an action without prejudice shall rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declina-tory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
*1174 A trial court has great discretion in granting an involuntary dismissal. Barnes v. Barnes, 46,417 (La.App.2d Cir.6/22/11), 71 So.3d 1004; Smith v. Knight, 39,781 (La. App.2d Cir.6/29/05), 907 So.2d 831.
As stated, the trial court’s ruling effectively sustained the declinatory exception of insufficient service of process based on the failure of Bridges to comply with La. C.C.P. art. 1201, which provides:
A. Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children’s Code. Without them all proceedings are absolutely null.
B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional ^defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinato-ry exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.
A civil action is a demand for the enforcement of a legal right and is commenced by the filing of pleading presenting such demand to a court of competent jurisdiction. La. C.C.P. art. 421. Here, the Bullocks made a demand for the enforcement of a legal right by filing petitions for refund of overpayments of taxes. The power of taxation is vested .in the legislature, which is mandated to “provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer.” La. Const. Art. VII, § 1 and § 3(A); St. Martin v. State, 2009-0935 (La.12/1/09), 25 So.3d 736. The Bullocks’ action arises under one such remedy, namely, the Refund of Overpayments remedy under La. R.S. 47:1621, et seq. If the collector denies or fails to timely act on a refund claim, then the taxpayer “may appeal to the board of tax appeals for a hearing on the claim filed.” La. R.S. 47:1625. This avenue of redress is repeated in La. R.S. 47:1431, which provides that a taxpayer aggrieved by the collector’s action or failure to act on a claim for a refund may appeal to the board by filing a petition to have the alleged overpayment determined.
As authorized by La. R.S. 47:1431 and R.S. 47:1625, the Bullocks sought enforcement of their legal right to a refund before the board, which was created to “hear and decide, at a minimum of expense to the taxpayer, questions of law and fact arising from disputes or controversies between a | fi-taxpayer and the collector of revenue for the State of Louisiana in the enforcement of any tax, excise, license, permit or any other tax law administered by the collector!.]” La. R.S. 47:1401. In proceedings concerning refund claims, the board is authorized to “render judgment” as provided in La. R.S. 47:1625, and that judgment is subject to judicial review as provided by La. R.S. 47:1434-1436. St. Martin, supra. By commencing the refund proceedings before the board, the Bullocks submitted themselves to the procedures set forth for review by the board and for any further appellate review of the board’s judgment by the courts.
As explained by the supreme court in St. Martin, supra, the board serves as a trial court, and the district court as an appeals court in its review of the board’s *1175 decisions. The court noted that “district courts are courts of limited jurisdiction and have only appellate jurisdiction to review administrative decisions as provided by the legislature and constitution.” Id., at p. 7, 25 So.3d at 740. The court further noted that “the existence of a specific statutory procedure generally implies a legislative intent that the special statutory procedure be the exclusive means of obtaining judicial review in the situations to which it applies.” Id., citing Loop, Inc. v. Collector of Revenue, 523 So.2d 201, 203 (La.1987).
The procedure for obtaining judicial review of the board’s judgments is set forth in La. R.S. 47:1434 as follows, with emphasis added:
After a decision or judgment of the board, the collector or taxpayer may, within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district court in accordance with the provisions hereinafter set out, for review of the said decision or judgment of the board. The party filing such petition shall before the filing of same, either at open ^hearing or by motion, notify the board of his intention to file such petition for review. Provided that when the board has found any tax to be due, a taxpayer must, when giving the notice of intention to file a petition for review, post bond, with surety approved by the board conditioned upon the payment of the tax as finally determined, together with any interest, additional amounts or additions to the tax provided for by law, payable to the collector, in an amount not to exceed one and one-half times the said tax, interest, and penalty found to be due in said decision or judgment of the board, and the posting of such bond shall be a condition precedent to the filing of any petition for review in any district court.
Thereafter, and within the thirty calendar days from the date of the rendering and signing of such decision or judgment of the board, the taxpayer may file his petition for review with the proper district court setting forth specifically any errors which may have been committed by the board in reaching its decision or judgment.
When the district judge has ordered the review, a copy of the order and petition shall be mailed to the secretary-clerk of the board, and the opposing party or counsel representing him, and the order shall command the secretary-clerk of the board to send up within twenty days from the date thereof the original transcript of the record, together with all exhibits and evidence thereto attached; which record shall be the basis for any action on review and the decision of the distinct court shall be rendered upon the said record as made up before the board.
A law that is clear and unambiguous and .whose application does not lead to absurd consequences must be applied as written with no further interpretation made in search of the legislative intent. McLane Southern, Inc. v. Bridges, 2011-1141, p. 5-6, (La.1/24/12), 84 So.3d 479, 483, and cases cited therein. This principle of statutory interpretation is applicable to the tax statutes. Id. The language of La. R.S. 47:1434 governing judicial review of the board’s decisions is clear and unambiguous, and its application does not lead to absurd consequences. The last paragraph of La. R.S. 47:1434 requires the mailing of a copy of the order granting the review along with the petition to the board’s secretary-clerk and “the opposing Isparty or counsel representing him.” This is the procedure that was followed in this matter and, in fact, exceeded by the LDR and the district court.
The LDR’s petition for review requested that a copy of the order of review and the *1176 petition be mailed to the board’s secretary-clerk and the Bullocks. However, the LDR’s filings also included service instructions for the Bullocks through their counsel of record. In accordance with these instructions, the Bullocks were served with citation along with copies of the petition and order through their counsel of record on June 6, 2011. Thus, the LDR did more than what the law requires to obtain judicial review of the board’s judgment.
Nothing in La. R.S. 47:1434 or the other provisions applicable to judicial review of the board’s judgments or decisions requires service of process in accordance with La. C.C.P. art. 1201(C). When interpreting a statute, courts should give effect to all parts of a statute and should not' reach an interpretation that renders any part superfluous or meaningless. Id. Requiring compliance with La. C.C.P. art. 1201 would render the requirements under La. R.S. 47:1484 for mailing a copy of the order and petition to the opposing party or counsel representing him superfluous and meaningless since service of process requires that the citation be accompanied by a copy of the petition as provided by La. C.C.P. art. 1202, and such service would typically include a copy of any order signed by the court. -We find that the trial court erred as a matter of law in reading the requirements for service of process and citation under La. C.C.P. art. 1201 into the clear and unambiguous judicial review procedure set forth at La. R.S. 47:1434. The specific statutory procedure for obtaining judicial review implies a legislative intent that it be the exclusive means of obtaining judicial review of the boards decisions and judgments.
As stated, the district court’s jurisdiction in reviewing decisions by the board is appellate in nature. St. Martin, supra; Clark v. State, 2002-1936 (La.App. 1st Cir.1/28/04), 873 So.2d 32, writ denied, 2004-0452 (La.4/23/04), 870 So.2d 300. Judicial review of the board’s decisions is based upon the record made before the board and is limited to the facts on the record, which are reviewed under the manifest error standard, and questions of law. International Paper, Inc. v. Bridges, 2007-1151 (La.1/16/08), 972 So.2d 1121. The district court does not conduct a full hearing in open court which would be subject to the ordinary rules of procedure and proof. See Flynn v. State, Dept. of Public Safety & Correction, 608 So.2d 994, 998 (La.1992). As such, the petition for judicial review does not institute a typical civil action which requires the district court to make factual findings and apply the law to such facts in order to reach a decision on the demand presented. The action is initiated before the board, and the petition for judicial review authorized by La. R.S. 47:1434 is akin to a petition for an appeal. Under La. C.C.P. art. 1312, service on the adverse party is not required for a petition for an appeal. However, La. R.S. 47:1434 does require that a copy of the petition and order authorizing review be mailed to the opposing party or counsel representing him, and this requirement was satisfied in this matter.
|inWe observe that had the legislature, in devising the specific statutory procedure for judicial review of the board’s decisions, intended to require service of process and citation, it could have so stated in La. R.S. 47:1434. For instance, the procedure for judicial review of adjudications provided in the Administrative Procedure Act (“APA”) requires the filing of a petition in the district court and service of copies of the petition on the agency and all parties of record. La. R.S. 49:964(B).[4] The provi *1177 sion authorizing judicial review of unemployment compensation claims instructs that a certified copy of the petition shall be served on the administrator named as a party defendant by leaving with him or his representative copies of the petition for each defendant; furthermore, upon such service, or where the administrator files a petition for review, the administrator must send each party a copy of the petition by registered mail, and “such mailing shall be deemed to be completed service on all parties.” La. R.S. 23:1634(A) and (B). Under La. R.S. 37:786(A)(3), a copy of the petition for judicial review of the Board of Dentistry’s decisions in an administrative adjudication “shall be served on the agency and all parties of record.” Likewise, copies of petitions for review by the district court of administrative decisions rendered under the Corrections Administrative Remedy Procedure, La. R.S. 15:1171, et seq., “shall be served upon the agency and all defendants, as provided by law.” La. R.S. 15:1177(A)(l)(a). While this is not an exhaustive survey of the various judicial review procedures in our law, these examples show that the legislature knows how to provide specific | n requirements for service when such is intended. Therefore, it must have intended for the mailing of copies of the petition and district court’s order to suffice, in lieu of service of process and citation, as notice of the filing of a petition for judicial feview of the board’s decisions and judgments.
La. R.S. 47:1431, et seq., sets forth a procedure by which a taxpayer may challenge the collector’s action or failure to act on a refund of overpayment claim and other allowed claims. Under this procedure, the board is the trier of fact, and the district court exercises appellate review. The Bullocks invoked this procedure by filing petitions for refunds and thus submitted themselves to all the process and procedures provided for a determination of their claim, including appellate review before the judiciary. The LDR complied with the requirements of La. R.S. 47:1434 in providing the required notice of the petition for judicial review to the Bullocks through their counsel of record in these proceedings. For all the reasons mentioned in this opinion, we find that the trial court abused its discretion in granting the Bullocks’ motion for involuntary dismissal and in dismissing the petition for judicial review.
CONCLUSION
For the reasons stated, we reverse the judgment of the district court and remand for further review proceedings. Costs are assessed against the Bullocks.
REVERSED and REMANDED.

. The Bullocks’ petitions were filed pursuant to La. R.S. 47:1625, which allows a taxpayer to appeal to the board when his claim for a refund or credit is denied by the collector or not acted upon within one year of the date of receipt of a properly filed claim.

. During these proceedings, the Bullocks have at all times been represented by attorneys with Kean Miller, L.L.P., namely, Christopher J. Dicharry, Jenny N. Phillips, and / or Linda S. Akchin. The suggestion that the Bullocks had no counsel of record at the time of service is belied by the record, which shows the vigorous advocacy by these attorneys on behalf of the Bullocks.

. The venue ruling is not before this court for review.

. Pursuant to La. R.S. 49:967, the administrative procedure set forth at Chapter 13 of Title 49 of the Revised Statutes is not applicable to the board.