STONE, J.
| Appellants, Red River Parish Tax Agency and Elaine Moore, in her capacity as tax administrator for Red River Parish Tax Agency (“the Collector”), filed a petition for declaratory judgment seeking a declaration that Appellee, SWEPI, LP (“SWEPI”), is not entitled to a sales tax refund. The district court granted SWEPI’s exceptions of no cause of action, no right of action, and lack of subject matter jurisdiction. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND
SWEPI is an oil and gas exploration company that owns and operates natural gas wells in Red River Parish. In the course and scope of its operations, SWEPI contracted for hydraulic fracturing services (“fracking services”) with Halliburton Energy Services, Inc. (“Halliburton”). During the taxable periods between January 2012 and August 2012, SWEPI alleged it erroneously paid Halliburton $880,312.12 in sales tax on certain proppant materials used by Halliburton in performance of its fracking services, SWEPI filed a request for a refund (“Claim for Refund”) asserting its payment of the sales tax constituted an “overpayment,” pursuant to La. R.S. 47:337.77. However, the Collector denied the request.
On April 28, 2015, SWEPI appealed the denial of its Claim for Refund to the Louisiana Board of Tax Appeals (“BTA”), pursuant to La. R.S. 47:337.81.[1] SWEPI sought a redetermination from the BTA that it is entitled to a refund of the sales tax it paid to Halliburton.
^Approximately a week later, the Collector disregarded the appeal pending before the BTA, and filed a petition for declaratory judgment with the 39th Judicial District Court. The Collector sought a declaration that SWEPI is not entitled to a refund, *450 and alternatively,, that it is not liable to SWEPI for the refund. In response, SWEPI filed peremptory exceptions of no cause and no right of action, and a declina-tory, exception, of lack of subject matter jurisdiction. SWEPI argued the district court lacked jurisdiction to hear the matter because the BTA is vested with exclusive original jurisdiction over local tax refund disputes.
While awaiting a ruling oh the exceptions, the Collector filed a motion with the BTA to transfer SWEPI’s appeal to district court. According to the Collector, La. Acts 201⅜ No. 640 (“Act 640”), which expanded the BTA’s jurisdiction to include local sales, and use tax refunds, unconstitutionally revoked district courts of the original jurisdiction vested in them by La. Const, art. V, § 16. The Collector argued the transfer of SWEPI’s appeal to district court was mandated by La, R.S. 47:1432(B)(1) (“the transfer statute”) in order for the Collector to challenge the constitutionality of Act 640.[2] After a hearing, the BTA denied the motion, finding the transfer statute did not defeat its jurisdiction over local tax refund disputes.[3]
|sOn May 24, 2016, the district court granted SWEPI’s exceptions and dismissed the Collector’s petition for declaratory judgment. The district court found the legislature vested the BTA with exclusive original jurisdiction over, local tax refund disputes. Consequently, the district court concluded it lacked subject matter jurisdiction to consider the merits of the Collector’s petition for declaratory judgment, and incidentally, the Collector had no cause or right of action in district court. The Collector now appeals.
DISCUSSION
Subject Matter Jurisdiction
Subject matter jurisdiction is the “legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the. amount in dispute, or the value of the right asserted.” La. C.C.P. art. 2. Subject matter jurisdiction is created by the .constitution or legislative enactment (see, e.g., La. Const. art. V), and cannot be conferred or waived by the parties. La. C.C.P. arts. 2, 3, and 925; Luffey ex rel. Fredericksburg Properties of Texas, LP v. Fredericksburg Properties of Texas, LP, 37,591 (La.App. 2 Cir. 12/10/03), 862 So.2d 403, 406.
The Collector argues the Louisiana legislature in enacting Act 640 did not divest district courts of subject matter jurisdiction over local tax refund disputes. Moré so, the Collector asserts, pursuant to La. Const. art. V, § 16(A), the legislature is prohibited from divesting district courts of original jurisdiction over these disputes.
The Louisiana Constitution vests the power of taxation in the legislature and mandates that the legislature “provide*a complete and adequate remedy for the prompt recovery of an illegal tax paid by a | ¿taxpayer.” La. Const. art. VII, §§ 1 and *451 3(A). One of the remedies created by the legislature in fulfillment of its obligation under Article VII, § 3(A) is the overpayment refund procedure enumerated in La. R.S. 47:1621, et seq. This procedure was made applicable to local governments in La. R.S. 47:337.77, et seq. Tin, Inc. v. Washington Par. Sheriff’s Office, 2012-2056 (La. 03/19/13), 112 So.3d 197, 203 (quoting St. Martin v. State, 2009-0935 (La. 12/01/09), 25 So.3d 736, 738).
The BTA was created by the legislature to act as an appeal board to hear- and decide, at a minimum cost to the taxpayer, questions of law and fact arising from disputes between taxpayers and tax collectors. La. R.S. 47:1401. Prior to 2014, the BTA exercised primary and exclusive jurisdiction over state tax refund disputes. In 2014, the legislature expanded the BTA’s jurisdiction to include local tax refund disputes.[4] Through Act 640, the legislature created a Local Tax Division to act “as an independent agency and authority within the [BTA] for the purposes of exercising jurisdiction over disputes involving local collectors.” Furthermore, Act 640 amended La. R.S. 47:337.81 and La. R.S. 47:1431 to change the forum for a taxpayer’s appeal of a refund claim denial by a local tax collector from the district court to the BTA, and amended La. R.S. 47:1434-36 to provide the court of appeal with exclusive jurisdiction to review the decisions of the BTA. See also La. R.S. 47:1401.
|/The BTA acts as a trial court in finding facts and applying the law. St. Martin, supra; Int’l Paper, Inc. v. Bridges, 2007-1151 (La. 01/16/08), 972 So.2d 1121, 1128. The Supreme Court has held the “jurisdiction to resolve tax-related disputes is constitutionally and statutorily granted to the [BTA] which is authorized to hear and decide disputes and render judgments.” St. Martin, 25 So.3d at 741. Moreover, the Supreme Court has held the BTA’s jurisdiction is not circumscribed by Article V, § 16(A), St. Martin, supra (citing Clark v. State, 2002-1936 (La.App. 1 Cir. 01/28/04), 873 So.2d 32, 36, writ denied, 2004-0452 (La. 04/23/04), 870 So.2d 300).
In the instant matter, SWEPI chose to appeal the denial of its Claim for Refund pursuant to La. R.S. 47:337.81 which explicitly states that “the taxpayer may appeal a denial of a claim for refund to the Board of Tax Appeals, as provided by law.” Thereafter, the tax collector may answer such appeal, and assert any questions of law or fact it has in the matter. Once the BTA renders judgment, it may be reviewed by a court of appeal. La. R.S. 47:1434. The existence of a specific statutory procedure generally implies a legislative intent that the' special- statutory procedure be the exclusive means of obtaining judicial review in' the situations to which it applies. St. Martin, supra. As a result, we find the BTA is vested with exclusive original-. jurisdiction over the merits of SWEPI’s- appeal, and the district court properly dismissed the Collector’s petition for lack of subject matter jurisdiction.
No Cause of Action
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the *452 petition. Hayes v. Gallagher Bassett Servs., Inc., 41,579 6(La.App. 2 Cir. 12/13/06), 945 So.2d 911, 912, writ denied, 2007-0085 (La. 03/30/07), 953 So.2d 73. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial.

Hayes, supra.

The Collector argues the Uniform Local Sales Tax Code (“ULSTC”) allows it to seek declaratory relief in district court as to whether it owes a refund to SWEPI. However, our review reveals there is no procedure available for the Collector to circumvent the BTA by unilaterally filing suit against SWEPI in district court, specifically when the matter is pending before the BTA. As stated above, La. R.S. 47:337.81 and La. R.S. 47:1401, et seq. provide the statutorily mandated procedure for resolving disputes regarding local tax refunds. As a result, we find the law does not extend a remedy to the Collector under the factual allegations in its petition, and the trial court properly granted SWEPI’s exception of no cause of action.
No Right of Action
The purpose of the peremptory exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Campbell v. Nexion Health at Claiborne, Inc., 49,150 (La.App. 2 Cir. 10/01/14), 149 So.3d 436.
In support of its argument that it has a right to seek declaratory relief in district court, the Collector cites numerous ULSTC statutes regarding the remedies available to tax collectors seeking to enforce the collection of taxes. See La. R.S. 47:337.45 and La. R.S. 337.101. However, the statutes used by the Collector are not applicable to the instant matter because the ^Collector is not attempting to collect a tax; the Collector is attempting to defend its denial of SWEPI’s Claim for Refund. La. R.S. 47:337.81 provides only the taxpayer with the right to appeal the denial of a local tax refund claim. During this appellate process, the BTA is obligated to give the taxpayer, as well as the tax collector, the right to be heard. Consequently, the trial court properly granted SWEPI’s exception of no right of action.
CONCLUSION
For the foregoing reasons, the trial court’s judgment granting SWEPI’s exceptions of no cause of action, no right of action, and lack of subject matter jurisdiction is affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.

. La. R.S. 47:337.81(A)(2) provides in pertinent part that "the taxpayer may appeal a denial of a claim for refund to the Board of Tax Appeals, as provided by law.”

. La. R.S. 47:1432(B)(1)(a) provides in pertinent part:
The board has no jurisdiction to declare a statute or ordinance unconstitutional. When the taxpayer or collector has pled the unconstitutionality of a statute or ordinance, the board shall order the case transferred to the district court of proper venue [.]

. The Collector filed an application for supervisory review of the BTA’s decision with this court on March 17, 2016, claiming the transfer statute applied to constitutional challenges to jurisdictional statutes. On May 27, 2016, three daysafter the district .court rendered judgment on SWEPI's exceptions, this court granted the Collector's writ application, and ordered the BTA to transfer the suit to district court.

. The legislature previously enacted the Uniform Local Sales Tax Code ("ULSTC”) in 2003 for the primary purpose of “promoting uniformity to the extent possible in the assessment, collection, administration, and enforcement of the sales and use taxes imposed by taxing authorities and, by compiling them, making them readily available in one place in the revised statutes.” La. R.S. 47:337.2(A)(l)(b). .The legislature specifically provided that its provisions preempted any contrary provisions of law and local ordinances. La. R.S. 47:337.2(B)(1).