McClendon, J., concurring.
*117 Rather than merely reversing the class certification, I would remand the matter to the district court to limit the class to those individuals who sought review with the Board of Tax Appeals and thereafter determine if the class certification requirements under LSA-C.C.P. art. 591 are met.
WELCH, J., concurring in part, dissenting in part.
I respectfully concur in part and dissent in part. I agree with the denial of the Department of Revenue's (the "Department's") dilatory exception raising the objection of lack of procedural capacity and peremptory exception raising the objection of improper use of class action procedure, the subject of 2017 CW 0763.
However, I dissent insofar as I believe the trial court was correct in certifying the class action, the subject of 2017 CA 1119. I believe that the majority errs in reversing the class action certification. A class action is simply a procedural device and does not speak to the merits of the class members' and representatives' claims. As nothing more than a procedural mechanism, a class action affords a method of efficiently and economically managing a large number of claims in which common issues predominate over individual claims. St. Martin v. State, 2009-0935 (La. 12/1/09), 25 So.3d 736, 741.
There is no dispute that the class representatives-Justin Ulrich, Gwen Ulrich, Raymond Alleman, and Pam Alleman-filed a class action seeking to represent other similarly situated individuals who were denied solar tax credits based upon 2015 La. Acts, No. 131, § 1 (eff. June 19, 2015), which amended La. R.S. 47:6030.[1] Prior to the June 19, 2015 effective date of Act 131, La. R.S. 47:6030 provided that Louisiana residents who purchased, leased, or installed qualified solar energy systems were entitled to a solar energy tax credit. It is conceded that the class representatives complied with the statute prior to the effective date of Act 131 and were entitled to a tax credit. The 2015 amendment to La. R.S. 47:6030 placed caps on the solar tax credit and provided that the credits would be granted on a first come, first served basis.
In August 2016, the Department denied the solar energy tax credits sought by the Ulrichs and the Allemans through their 2015 State Income Tax Returns because the solar energy tax credit cap imposed by Act 131 had been met for that year. On September 19, 2016, the Ulrichs and the Allemans timely filed separate appeals of the Department's denials of the solar energy tax credits to the Louisiana Board of Tax Appeals pursuant to La. R.S. 47:1625. Both appeals to the Board of Tax Appeals were designated as a "class action petition to appeal refund denial" and included the language, "individually and on behalf of all others similarly situated." In their tax appeals, the Ulrichs and the Allemans stated, "[b]ecause 2015 La. Act 131 is unconstitutional, a declaratory action has or will be filed in state district court in conjunction with this suit." The purported class representatives argued that Act 131 was unconstitutional because the Act retroactively imposed a cap on solar energy tax credits earned between January 1, 2013, and June 18, 2015.
The Board of Tax Appeals has jurisdiction to certify a class action. St. Martin , 25 So.3d at 740. However, the Board of Tax Appeals does not have jurisdiction to declare *118 an act of the Legislature unconstitutional. In cases where a class action is filed with the Board of Tax Appeals challenging the constitutionality of a statute, the Board of Tax Appeals is under a duty to transfer such cases to a district court of proper venue upon motion of any party. See La. R.S. 47:1432(B).
In accordance with La. C.C.P. art. 596, all appeal delays to the Board of Tax Appeals, filed pursuant to La. R.S. 47:1625, were suspended not only as to the purported class representatives, but also as to all purported members of the class, as defined or described in the petition for class certification. See La. C.C.P. 596(A).
On September 19, 2016, the same day the Ulrichs and the Allemans filed their separate appeals in the Board of Tax appeals, the parties jointly filed a class action petition for declaratory action in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, seeking to have Act 131 declared unconstitutional. The parties attached their respective appeals filed in the Board of Tax Appeals to the class action petition for declaratory action, which was substantially the same as the petitions filed in the Board of Tax Appeals.
By judgment dated June 15, 2017, the trial court granted a motion to certify the class action that was filed by the Ulrichs and the Allemans. The class was certified as follows: "Louisiana taxpayers that qualified for the La. R.S. 47:6030 Solar Credit between January 1, 2013 and June 18, 2015 and were denied the Solar Credit due to 2015 La. Act. 131." The trial court found that based upon the evidence presented at the hearing on the motion to certify the class action, through the testimony of the class representatives, the class members met all the requirements to challenge the constitutionality of Act 131. Secondly, the trial court found that the five threshold prerequisites for class action certification set forth in La. C.C.P. art. 591 -often referred to as numerosity, commonality, typicality, adequate representation, and an objectively definable class-were met based upon the Department's responses to the First Set of Admissions, Interrogatories, and Request for Production of Documents propounded by the class representatives, and more specifically, Interrogatory No. 1, which states:[2]
Please identify how many taxpayers have been denied the Solar Credit based upon 2015 La. Act 131.
The Department's answer to Interrogatory No. 1 states, in pertinent part:
To the extent this request relates specifically to the denial of the solar energy credit because the statutory cap was exceeded at the time the tax return was filed or credit requested, and subject to the foregoing objections and only as to returns filed through November 30, 2016, the Department responds that through the foregoing date[,] 1,265 solar energy tax credit claims made by Taxpayers have been denied because of the statutory cap imposed by La. R.S. 47:6030, as amended.
It is important to note that nowhere in the "General Objections" filed in response to the class representatives' first set of interrogatories the Department did challenge the standing of the class representatives to challenge the constitutionality of Act 131, nor did the Department challenge the timeliness of the class representatives' respective appeals to the Board of Tax Appeals, which were timely filed pursuant to La. R.S. 47:1625. Furthermore, the Department presented absolutely no evidence whatsoever at the hearing on class certification.
*119 Curiously on appeal, the Department attacks the class certification on the basis that the class members, not the class representatives, did not timely appeal the Department's denial of their solar energy tax credits to the Board of Tax Appeals pursuant to La. R.S. 47:1625. Therefore, based upon the case of Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La. 1993), the Department argues that the class members lack standing to challenge the constitutionality of Act 131.
First, the Department seeks to interject and apply a peremptory exception to the class members' standing to challenge the constitutionality of Act 131 based upon absolutely no evidence. Secondly, this position is totally contradictory to the answer provided by the Department in response to Interrogatory No. 1, wherein the Department stated that 1,265 taxpayers were denied solar energy tax credits because of the cap imposed by Act 131. Thirdly, the Church Point case did not involve a class action certification and is not relevant to this matter.[3] The class representatives appealed the denial of their claims "individually and on behalf of all others similarly situated" on September 19, 2016, and therefore, pursuant to La. C.C.P. art. 596, all appeal delays set forth in La. R.S. 47:1625 were suspended.
The majority errs in finding, despite the well-pled facts of the class action petition for declaratory action establishing a class cause of action challenging the constitutionality of Act 131, that the class members have no right of action to challenge the constitutionality of Act 131 based upon the class members' alleged failure to comply with La. R.S. 47:1625. The majority's finding is based upon no evidence whatsoever. Furthermore, the decision flies in the face of this court's decision in Robichaux v. State ex rel. Dep't of Health & Hosps., 2006-0437 (La. App. 1 Cir. 12/28/06), 952 So.2d 27, 34, writs denied, 2007-0567, 2007-0580, 2007-0583 (La. 6/22/07), 959 So.2d 503, 504, 504, wherein then-judge and now Justice Hughes cautioned:
The only issue to be considered by the trial court in ruling on a certification, and by this court on review, is whether the case at bar is one in which the procedural device of a class action is appropriate. In determining the propriety of a class action, the court is not concerned with whether the plaintiffs have stated a cause of action or the likelihood that they ultimately will prevail on the merits."
The trial court, based upon the evidence presented at the hearing on the class representatives' motion for class certification, was correct in certifying the class action. The majority errs in reversing the trial court's June 15, 2017 judgment granting the motion to certify the class action filed by the plaintiffs-appellees-Justin Ulrich, Gwen Ulrich, Raymond Alleman, and Pam Alleman-and remanding the matter for further proceedings. For these reasons, I respectfully dissent.

Louisiana Revised Statutes 47:6030 has subsequently been amended by 2015 La. Acts, No. 357, § 1 (eff. June 29, 2015) and 2017 La. Acts, No. 413, § 1 (eff. June 26, 2017). Those amendments are not at issue on appeal.

Interrogatory No. 1 is found in Exhibit A, pp. 8-9.

In Church Point, the taxpayer sought a refund of money paid pursuant to a possibly unconstitutional statute. The Church Point court concluded that the Claims Against the State procedure, La. R.S. 47:1481 -1486, provided the proper vehicle for the recovery of taxes paid without protest pursuant to an unconstitutional statute. 614 So.2d at 706.