KELLOGG BROWN & ROOT, LLC

VERSUS

JOSEPH P. LOPINTO, III, SHERIFF AND
EX-OFFICIO TAX COLLECTOR FOR THE
PARISH OF JEFFERSON

NO. 22-C-204

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM
THE BOARD OF TAX APPEAL,
STATE OF LOUISIANA, NO. L01016,
HONORABLE CADE R. COLE, JUDGE PRESIDING


November 02, 2022


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst


**<u>AFFIRMED</u>**
  **SJW**
  **JGG**
  **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
KELLOGG BROWN & ROOT, LLC
     Caroline D. Lafourcade
     Martin E. Landrieu
     John P. LeBlanc

COUNSEL FOR DEFENDANT/RELATOR,
JOSEPH P. LOPINTO, III, SHERIFF AND EX-OFFICIO TAX COLLECTOR
FOR THE PARISH OF JEFFERSON
     Kenneth C. Fonte

**WINDHORST, J.**

Joseph P. Lopinto, III, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson (the "Collector") seeks review of the April 7, 2022 judgment from the Board of Tax Appeals ("BTA") overruling the Collector's exception to lack of jurisdiction and supplemental exception to lack of jurisdiction and denying his motion to quash, motion to dismiss appeal, and motion to strike relative to Kellogg Brown & Root, LLC's ("KBR") petition for redetermination of assessment. For the following reasons, we affirm the BTA's judgment.

**PROCEDURAL BACKGROUND**

In its exception of lack of jurisdiction, the Collector asserted that the BTA did not have jurisdiction to conduct a trial *de novo* of KBR's tax assessment appeal and that its review of the assessment was limited to the record developed in KBR's protest hearing which the Collector conducted before making the assessment. In taking this position, the Collector relied on KBR's choice to first request a protest hearing before the Collector under La. R.S. 47:337.49. La. R.S. 47:337.49 allows a taxpayer, within thirty calendar days from the date of the notice of tax due, to protest the assessment and requires the collector to consider the protest with a hearing before making a final determination of the tax, penalty, and interest due. The Collector argued that because the Collector first reviewed KBR's assessment at KBR's request, KBR's request for reconsideration to the BTA is not entitled to *de novo* review, and further, that KBR cannot introduce additional evidence at the BTA hearing.

As to its motion to quash subpoenas and its motion to strike the deposition subpoena and subpoenas *duces tecum*, the Collector argued that because the BTA could only exercise appellate jurisdiction over KBR's appeal, the BTA could not receive or consider new evidence. As a result, the Collector asserted that the subpoenas *duces tecum* issued by the BTA at KBR's request should be quashed, and

the notice of depositions associated with the subpoenas should be stricken. The Collector further contended that through it actions, KBR had abandoned its appeal remedy, and that KBR's appeal should be dismissed.

In response to the exception of lack of jurisdiction, KBR argued that the legislature expressly intended for the "redetermination of assessment" procedure under La. R.S. 47:337.51 and La. R.S. 47:1431 (C) to be interpreted as having the same meaning and application as the "redetermination of assessment" procedure under La. R.S. 47:1431 A. In support, KBR cited La. R.S. 47:337.2 D, which provides:

> D. However, in the interest of making the assessment, collection, administration, and enforcement of state and local sales tax uniform, it is the intention of the legislature that both the provisions of this Chapter and the provisions of local ordinances which are similar to provisions in Chapters 2, 2-A, 2-B, and 18 of this Subtitle shall be interpreted by the Board of Tax Appeals and the courts of this state to have the same meaning and application as the provisions in those Chapters.

KBR also asserted that, in tax-related disputes, the BTA has original jurisdiction both constitutionally and statutorily, and that the BTA acts as the trial court in finding facts and applying the law. KBR cited to extensive case law stating that the BTA acts as a trial court and if it correctly applies the law and adheres to correct procedural standards, its judgment should be affirmed absent a clearly or manifestly erroneous finding of fact. St. Martin v. State, 09-935 (La. 12/01/09), 25 So.3d 736, 740; International Paper, Inc. v. Bridges, 07-1151 (La. 01/16/08), 972 So.2d 1121, 1128; Collector of Revenue v. Murphy Oil Corp., 351 So.2d 1234, 1236 (La. App. 4 Cir. 1977).

After a hearing, the BTA overruled the exceptions of lack of jurisdiction and denied the motions with reasons. In its reasons for judgment, citing extensive jurisprudence, the BTA stated that the BTA's "role in this procedure has always been that of a trial court" and "[t]he role as a trier of fact has existed throughout the board's [BTA] more than 80 year history dealing with state assessment appeals."

The BTA rejected the Collector's argument that the passage of the 2019 Act 446 and subsequent amendment of La. Const. art. 5 sec. 35 changed the BTA's role, concluding instead that the language provides for the BTA's continuity and explicitly acknowledges the BTA's "jurisdiction over all matters related to state and local taxes or fees or other claims against the state as provided [by the applicable law]." Further, referring to more than eighty years of jurisprudence, the BTA also rejected the Collector's argument that no statute authorizes it to conduct a trial *de novo* when hearing an appeal for redetermination of an assessment.

As to the Collector's motion to quash subpoenas, the BTA denied that motion disagreeing with the Collector's contention that the BTA was exercising appellate jurisdiction in this matter and lacked authority to issue a subpoena to produce new evidence. The BTA also denied the motion to dismiss appeal concluding that KBR did not abandon its appeal. With regard to these two motions, the BTA found that KBR properly sought to invoke its original jurisdiction.

**LAW and ANALYSIS**

Despite the abundance of jurisprudence to the contrary, the Collector asserts that the BTA should have reviewed this matter as if it was an appellate court exercising appellate jurisdiction and not as a trial court exercising original jurisdiction. We disagree.

The Legislature created the BTA as an independent agency to hear and decide, at a minimum cost to the taxpayer, questions of law and fact arising from disputes between taxpayers and tax collectors. La. R.S. 47:1401. It is clearly rooted in Louisiana jurisprudence that the BTA acts as a trial court. Collector of Revenue, 351 So.2d at 1236. The BTA's jurisdiction to resolve tax related disputes and render judgments is granted constitutionally and statutorily. St. Martin, 25 So.3d at 741. As noted by the BTA in its reasons for judgment, the BTA's role as a trier of fact has existed throughout the BTA's more than 80 year history. The Louisiana

Supreme Court has recently reiterated that the Board acts as a trial court in finding facts and applying the law. St. Martin v. State, 25 So.3d at 740, citing International Paper, Inc. v. Bridges, *supra*. The BTA's findings of fact should be accepted where there is substantial evidence in the record to support them, and should not be set aside unless they are manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. If the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed. Collector of Revenue, 351 So.2d at 1236. This standard of deference to the initial findings of fact is clearly one due to a tribunal at the trial level, and except in unusual and limited circumstances, is not afforded on appellate review.

The Collector argues that under R.S. 47:337.51 A(l), the BTA functions only as an appellate court and cannot conduct a trial *de novo,* receive evidence or testimony, or compel discovery. In support, the Collector relies on the statute's use of the word "appeal." We find no merit in this contention. The term "appeal" has been used in provisions relating to the BTA since its inception and indeed it has long been referred to as the Board of Tax Appeals. The law provides substantial support for the BTA's role as a trial court and not that of an appellate court.

Based on the statutory law and the jurisprudence, the law intends for a record of a tax dispute to be developed before the BTA. Judicial review of a decision of the BTA is rendered on the record as made up before the BTA and is limited to facts on the record and questions of law. R.S. 47:1434 C; Zelia, LLC v. Robinson, 19-372 (La. App. 5 Cir. 12/30/19), 286 So.3d 1268, 1272, writ denied, 20-00253 (La. 4/27/20), 295 So.3d 948; Barfield v. Bolotte, 15-847 (La. App. 1 Cir. 12/23/15), 185 So.3d 781, 785. Recently, in D90 Energy LLC v. Jefferson Davis Par. Bd. of Review, the Louisiana Supreme Court noted that if the BTA could only review the evidence presented to the assessor, a hearing would be meaningless, and that a taxpayer is entitled to a hearing before the BTA as a matter of law when seeking a

redetermination of an assessment. Therefore, we find the BTA must accept new evidence and hear testimony, like a trial court, in order to develop a sufficient record for review by a court of appeal.

In addition, there are specific provisions permitting the BTA to perform functions typically performed by a trial court. La. R.S. 47:1408 A grants the BTA the power to compel discovery, issue subpoenas, require the attendance of witnesses and the production of books, papers and documents pertaining to the matter under inquiry, to examine witnesses, and to require the taking of depositions. This provision also allows any party to a matter pending before the board to "summon witnesses or require the production of papers, other documents, answers to requests for admissions, or answers to interrogatories in the same manner as witnesses are summoned, discovery completed, or papers required to be produced in civil actions in the district courts of the state." La. R.S. 47:1408 B.

The Legislature reaffirmed and continued the BTA's jurisdiction and authority in 2019 with La. Const. art. V section 35. Regarding the BTA, this provision states:

> It shall have jurisdiction over all matters related to state and local taxes or fees or other claims against the state as provided by Chapter 17 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, subject to change by law. The legislature may extend the jurisdiction of the Board of Tax Appeals, by a law enacted by a two-thirds vote of the elected members of each house of the legislature, to matters concerning the constitutionality of taxes, fees, or other matters related to its jurisdiction which jurisdiction may be concurrent with the district courts concerning such matters.

Further, pursuant to La. R.S. 47:1401, the BTA is an independent agency which decides questions of law *and fact* related to disputes between a taxpayer and a tax collector, opposing parties herein. To assign this prerogative to the tax collector, a *party* to the case, when the taxpayer first contests an assessment by the tax collector, would result in an unfair and meaningless review, and would require appellate deference to factual findings made by a party.

Considering the briefs in support, the oppositions thereto, and the attachments, we find no error in the BTA's conclusion that it acts as a trial court relative to the redetermination of the tax assessment in this case, nor in the denial of the Collector's exception of lack of jurisdiction and supplemental lack of jurisdiction.

Because the BTA acts as a trial court and not an appellate court, it has the authority to issue subpoenas. We therefore find no error in the trial court's denial of the motion to quash subpoenas. We further find no merit to the Collector's assertion that KBR has abandoned its appeal and no error in the BTA's denial of the motion to dismiss appeal.

**DECREE**

For the reasons stated herein, we affirm the BTA's judgment of April 7, 2022 in all regards.

                                        **AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 2, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 22-C-204

**E-NOTIFIED**
BOARD OF TAX APPEALS (CLERK)
CAROLINE D. LAFOURCADE
(RESPONDENT)

MARTIN E. LANDRIEU (RESPONDENT)

KENNETH C. FONTE (RELATOR)

**MAILED**
HONORABLE CADE R. COLE
(DISTRICT JUDGE)
STATE OF LOUISIANA,
BOARD OF TAX APPEALS
POST OFFICE BOX 3217
BATON ROUGE, LA 70821

JOHN P. LEBLANC (RESPONDENT)
ATTORNEY AT LAW
191 CHAPEL LOOP
MANDEVILLE, LA 70471